## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVID E. LEWIS,

       Plaintiff,

vs.                                                                                    No. CIV 11-0283 JB/ACT

CHESTER W. GOLDSBERRY and
STYLINE TRANSPORTATION, INC.,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion to Compel Release and Verification Form from Plaintiff or, in the Alternative, Motion to Dismiss, filed January 12, 2012 (Doc. 28)("Motion to Compel"); and (ii) the Defendants' Motion to Strike Plaintiff's Expert Disclosures and Motion to Extend the Deadline for Defendants' Expert Disclosures, filed January 13, 2012 (Doc. 29)("Motion to Strike").  The Court held a hearing on February 15, 2012.  The primary issues are: (i) whether the Court should compel Plaintiff David E. Lewis to provide releases and a verification form to the discovery responses provided to Defendants Chester W. Goldsberry and Styline Transportation, Inc. on December 18, 2011; and (ii) whether the Court should strike Lewis' expert disclosures, <u>see</u> Plaintiff's Expert Witness List, filed December 23, 2011 (Doc. 27)("Expert Disclosures"), because Lewis failed to comply with rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  The Court will grant the Motion to Compel and will grant in part and deny in part the Motion to Strike.  The Court will also order that Lewis provide the requested discovery within thirty days of the entry of this memorandum opinion and order, or the Court will dismiss his claims without prejudice.

## PROCEDURAL BACKGROUND

On January 26, 2011, Lewis filed his Complaint for Personal Injuries (dated January 26, 2011), filed April 4, 2011 (Doc. 1-1)("Complaint") in the Thirteenth Judicial District Court, Cibola County, State of New Mexico. <u>See</u> Complaint at 1. Lewis, a Missouri resident, alleges that Goldsberry, while acting within the scope of his employment with Styline Transportation, negligently followed too closely and rear-ended Lewis' vehicle. <u>See</u> Complaint ¶¶ 2-5, at 1-2. Lewis asserts that the accident took place at mile marker 81 on Interstate 40 near Grants, New Mexico. <u>See</u> Complaint ¶ 4, at 2. Lewis asserts negligence and negligence per se causes of actions against Goldsberry and Styline Transportation. <u>See</u> Complaint ¶¶ 10-12, 14-16, at 3-5. Lewis also alleges that Styline Transportation negligently entrusted an automobile to Goldsberry. <u>See</u> Complaint ¶ 17, at 5. On April 4, 2011, the Defendants filed their Notice of Removal and removed the case to federal court on the basis of diversity jurisdiction. <u>See</u> Doc. 1. The Defendants assert that the amount in controversy exceeds $75,000.00, and that: (i) Lewis is a Missouri resident; (ii) Styline Transportation is an Indiana resident; and (iii) Goldsberry is a Kentucky resident. <u>See</u> Notice of Removal at 1-2.

On September 29, 2011, the Court entered a Scheduling Order. <u>See</u> Doc. 20. The Scheduling Order provides that "the termination date for discovery is February 29, 2012." Scheduling Order at 1. The Court also set December 23, 2011 as a deadline for Lewis to identify any expert witness and to provide expert reports pursuant to rule 26(a)(2)(B). <u>See</u> Scheduling Order at 1-2. The Court required that all other parties identify their expert witnesses and provide expert reports no later than January 20, 2012. <u>See</u> Scheduling Order at 2.

On January 12, 2012, the Defendants filed their Motion to Compel. <u>See</u> Doc. 28. The Defendants assert that on July 20, 2011, Lewis submitted the Plaintiff's Rule 26(a)(1)(A)(ii)

Disclosures, filed January 12, 2012 (Doc. 1-1)("Initial Disclosures").  Motion to Compel ¶ 1, at 1 (citing Certificate of Service, filed July 20, 2011 (Doc. 13)).  They argue that the Initial Disclosures provided only one medical release, despite the identification of eighteen medical providers, and assert that Lewis failed to comply with D.N.M.LR-Civ. 26.3(d).  See Motion to Compel ¶¶ 1-2, at 1.  The Defendants represent that they attempted to contact Lewis, through his attorney to obtain the requested releases, and the verification form for his answers to the First Set of Interrogatories.  See Motion to Compel ¶¶ 3-7, at 1-2.  The Defendants assert that Lewis' counsel has represented that they cannot locate Lewis to obtain his signature for the releases and verification form.  See Complaint ¶¶ 6-7, at 2 (citing Electronic Mail Transmission from Warren Hire to Theresa Hall and Brenda Saiz (dated November 23, 2011), filed January 12, 2012 (Doc. 28-3)("Nov. 23, 2011 Email"); Electronic Mail Transmission from Warren Hire to Brenda Saiz and Bryan Williams (dated December 23, 2011), filed January 12, 2012 (Doc. 28-4)("Dec. 23, 2011 Email")).  The Defendants request that the Court compel Lewis to provide a verification form to his Answers to Interrogatories, as rule 33(b)(3) requires, and that the Court order him to provide executed releases as requested.  See Motion to Compel ¶ 8, at 2.  In the alternative, the Defendants ask that the Court dismiss the case for failure to prosecute, pursuant to rule 41(b).  See Motion to Compel ¶ 9, at 3.

On January 13, 2012, the Defendants filed their Motion to Strike.  See Doc. 29.  The Defendants assert that the Expert Disclosures "merely listed the name and address of sixteen medical doctors."  Motion to Strike at 1.  The Defendants argue that no report for any witness was provided, no opinions disclosed, and no other information was provided.  See Motion to Strike at 1.  They contend that the Expert Disclosures do not comply with rule 26(a)(2).  See Motion to Strike at 1.  They ask that, if the Court does not strike Lewis' experts, it grant the Defendants an extension of time, because they have not been able to determine what experts to obtain.  See Motion to Strike at

2.  Although the Motion to Strike notes that it is opposed, Lewis has filed no written response.

On January 27, 2012, Lewis filed the Plaintiff's Reply to Defendant's Motion to Compel Releases and Verification Form from Plaintiff or in the Alternative Motion to Dismiss.  See Doc. 30 ("Response to Motion to Compel").  Lewis' counsel, Warren F. Hire, asserts that he does not have Lewis' current address and has been instructed to forward any mail to a post office box: P.O. Box 52, Exeter, MO 65647.  See Response to Motion to Compel ¶ 2, at 1.  Mr. Hire represents that he has forwarded the medical releases and other discovery materials to Lewis at the P.O. Box address.  See Response to Motion to Compel ¶ 3, at 1.  Mr. Hire admits that he did not and does not object to the Defendants' requests for the releases, but asserts that he has no other way to contact Lewis.  See Response to Motion to Compel ¶¶ 4-5, at 2.  He argues that Lewis' medical records suggest that Lewis may have "mental and physical limitations stemming from the Vietnam War," and argues that the Court should deny the alternative request to dismiss Lewis' case.  Response to Motion to Compel ¶ 9, at 2.

On February 12, 2012, the Defendants filed the Defendants' Reply to Plaintiff's Response to Defendants' Motion to Compel Releases and Verification Form from Plaintiff or, in the Alternative, Motion to Dismiss.  See Doc. 32 ("Reply to Motion to Compel").  The Defendants note that the Complaint was filed on January 26, 2011, and represent that the Defendants "have been unable to complete virtually any discovery in this case, including ascertaining the nature of the Plaintiff's claims, the breadth of his injuries, or any information whatsoever relating to his medical bills."  Reply to Motion to Compel at 1-2.  They also note that, unless Lewis' attorneys can locate him, they will be unable to depose Lewis.  See Reply to Motion to Compel at 2.  The Defendants assert that, should the case continue in this manner, the "Defendants will be prejudiced and will continue to incur litigation costs," and argue that "it appears Plaintiff has abandoned his case."

-4-

Reply to Motion to Compel at 2.  The Defendants request that the Court dismiss Lewis' Complaint pursuant to rule 41(b), or "set a very limited time frame for Plaintiff's Counsel to provide the requisite releases, verification form, and make Plaintiff available for his deposition."  Reply to Motion to Compel at 2.

On February 15, 2012, the Court held a hearing.  The Court first addressed the Motion to Compel.  The Court stated that the its first impression of this motion was that Mr. Hire was having some issues with his client and that he might need a Court order on this matter to ensure his client's cooperation.  <u>See</u> Federal Digital Tape Recorder at 9:04:50-05:13 (February 15, 2012)(Court)("FTR").  Mr. Hire indicated that his client resides in Missouri and requested thirty days for Lewis to respond to the Court's order.  <u>See</u> FTR at 9:05:20-05:45 (Court, Hire).  He also represented that Lewis is unlikely to respond at all.  <u>See</u> FTR at 9:05:20-45 (Court, Hire).  Mr. Hire stated that he had no objection to the Court including in the order that, if Lewis does not respond within thirty days, the Court will dismiss his Complaint without prejudice.  <u>See</u> FTR at 9:05:45-06:01 (Court, Hire).  The Court asked whether Mr. Hire believes Lewis wishes to pursue his case.  <u>See</u> FTR at 09:06:22-06:31 (Court).  Mr. Hire responded that Lewis is a Vietnam veteran who appears to have some mental health issues and that, based on his past conversations with Lewis, he does not believe that Lewis will respond to the Court's Order.  <u>See</u> FTR at 09:06:31-07:02 (Hire).  The Court then asked the Defendants whether they agreed that the Court's proposed order was an appropriate way to proceed.  <u>See</u> FTR at 09:07:05-07:14 (Court).  The Defendants agreed that thirty days was a reasonable request, but asked that the Court not extend the deadline beyond thirty days.  <u>See</u> FTR at 09:07:15-07:30 (Saiz).  They also noted that the discovery deadline is set for March and, if the deadline were extended beyond thirty days, they would need new deadlines.  <u>See</u> FTR at 09:07:31-07:56 (Saiz).  The Court stated that it would grant the Motion to Compel and would

indicate that, if it saw no signs of a desire to prosecute, the Court would dismiss the Complaint without prejudice.  See FTR at 09:08:06-08:32 (Court).  The Court requested that the Defendants write a letter to the Court if they did not receive the requested information within thirty days of the opinion's issuance, so that the Court knew to dismiss the case.  See FTR at 09:08:06-08:32 (Court).

The Court then turned to the Motion to Strike.  The Court stated that it was inclined to grant the motion, which appeared unopposed, and that, if Lewis decides to continue to prosecute, the Court would revisit its decision.  See FTR at 09:08:55-09:35 (Court).  Mr. Hire did not object and agreed that this was a reasonable solution.  See FTR at 09:09:37-09:38 (Hire).

## LAW REGARDING MOTIONS TO COMPEL

Rule 37(a) of the Federal Rules of Civil Procedure provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person party failing to make disclosure or discovery in an effort to obtain it without court action.

Under rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  If a party refuses to turn over documents through proper discovery, a defendant should move to compel production pursuant to rule 37.  See Lane v. Page, 727 F.Supp.2d 1214, 1236 n.15 (D.N.M. 2010)(Browning, J.).

## LAW REGARDING EXPERT REPORTS

Rule 26(a)(2)(B) provides that an expert witness's report should contain "a complete statement of all [the] opinions" he or she will be expressing. Fed. R. Civ. P. 26(a)(2)(B).  As the United States Court of Appeals for the Tenth Circuit has noted, the purpose of rule 26(a) expert disclosures is "not only to identify the expert witness, but also 'to set forth the substance of the direct examination.'" Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002)(citing Fed.

R. Civ. P. 26(a)(2) advisory committee's notes to the 1999 Amendments).  The Tenth Circuit believes that "[s]uch disclosure is necessary to allow the opposing party 'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" Jacobsen v. Deseret Book Co., 287 F.3d at 953 (citing Fed. R. Civ. P. 26(a)(2) advisory committee's notes to the 1999 Amendments).

Rule 37 states that, if one "fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Whether a rule 26(a) violation is justified or harmless is a question for the district court's broad discretion.  See Woodworkers Supply, Inc. v. Principal Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)(holding that a damage theory purportedly not disclosed until trial did not warrant exclusion).  The Tenth Circuit has described this standard as follows:

> A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

Woodworkers Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d at 993.

## LAW REGARDING RULE 16 SCHEDULING

Rule 16(b) of the Federal Rules of Civil Procedure provides: "Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order after receiving the parties' report under Rule 26(f) . . . The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b).  While rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings generally, rule 16 governs

amendments to scheduling orders.   See Bylin v. Billings, 568 F.3d 1224, 1230 (10th Cir. 2009)(citing Fed. R. Civ. P. 16(b)).  Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Advisory Committee Notes to rule 16 explain: "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test."  Fed. R. Civ. P. 16 advisory committee's notes to 1983 Amendment) "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed  amendment."  Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs., No. 02-1146, 2007 U.S. Dist. LEXIS 56492, at *3 (D.N.M. June 5, 2007)(Browning, J.).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  Id.

The Tenth Circuit has noted that the "good cause" standard of rule 16 is "an arguably more stringent standard than the standards for amending a pleading under [r]ule 15."  Bylin v. Billings, 568 F.3d at 1230.  The Tenth Circuit has also noted, however, that there is a "rough similarity" between the "good cause" standard in rule 16 and the "undue delay" standard in rule 15.  Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  The Tenth Circuit has stated: "[I]t appears unlikely that applying [r]ule 16 would lead to a different outcome [than rule 15], much less prevent a 'manifest injustice.'"  Bylin v. Billings, 568 F.3d at 1232.  The Tenth Circuit quoted other appellate courts that have applied rule 16 and have "afforded wide discretion to district courts' application of that rule."  Bylin v. Billings, 568 F3d. at 1231 (citing United States v. Dang, 488 F.3d 1135, 1143 (9th Cir. 2007)("[T]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not

be disturbed unless they evidence a clear abuse of discretion."); <u>Morton Int'l, Inc. v. A.E. Staley</u> <u>Mfg. Co.</u>, 343 F3d. 669, 684 (3d Cir. 2003)("Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation.")).

Motions to extend the deadline for expert reports are also considered under the rule 16 "good cause" standard. <u>Conroy v. Schafer</u>, No. 06-0867, 2008 U.S. Dist. LEXIS 39532, at *1-3 (D. Utah May 15, 2008)(granting the motion to extend the deadline for expert reports because "this case appears to fit the normal pattern found in many civil disputes where despite diligent efforts of both parties deadlines cannot always be met").

## LAW REGARDING DISMISSAL OF CASES

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action for the plaintiff's failure to prosecute to prevent undue delay or congestion of the courts. "If the plaintiff fails to prosecute or to comply with the[] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Tenth Circuit reviews a district court's grant of a defendant's rule 41(b) motion to dismiss for an abuse of discretion. See <u>Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.</u>, 497 F.3d 1135, 1143 (10th Cir. 2007). The federal courts examine a dismissal based upon a lack of prosecution by looking at and examining the totality of the circumstances and the record as a whole when confronted with a motion to dismiss for failure to prosecute. The Tenth Circuit has identified a list of five non-exhaustive factors that the district court must take into account in considering whether to dismiss an action with prejudice, including: (i) the degree of actual prejudice to the other party; (ii) the amount of interference with the judicial process; (iii) the litigant's culpability; (iv) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. See <u>Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.</u>, 497 F.3d

at 1143-44.  The dismissal sanction is also considered a measure of last resort, for the court to use only after balancing the strong interest of hearing a case on its merits against the aggravating circumstances that prompted the order to show cause.  See Jones v. Thompson, 996 F.2d 261, 265 (10th Cir. 1993); Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)(stating dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits"); Meade v. Grubbs, 841 F.2d 1512, 1521 & n.7 (10th Cir. 1988)("[D]ismissal is usually appropriate 'only where a lesser sanction would not serve the interest of justice.'" (citation omitted)).

In Jones v. Thompson, the Tenth Circuit used the five factors and affirmed the district court's dismissal, pursuant to rule 41(b), of a matter with prejudice for lack of prosecution and for failure to obey a court's order.  In this malpractice case, there existed four years of repeated failures to obey the court's orders, of failures to appear for pretrial conferences, and of refusals to attend depositions.  Under the five factors in Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., the Tenth Circuit in Jones v. Thompson concluded that the district court was left with no other alternative but to dismiss the case, especially in light of the fact that lesser sanctions had already been imposed with little repentance on the part of the plaintiff and without a demonstrable commitment from the plaintiff to diligently prosecute the claims.  See 996 F.2d at 265-66.

**LAW REGARDING MOTIONS TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedures provides:

**(f)      Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

**(1)**      on its own; or

**(2)**      on motion made by a party either before responding to the pleading

or, if a response is not allowed, within 21 days after being served
with the pleading.

Fed. R. Civ. P. 12(f).  Professors Charles Alan Wright and Arthur Miller have recognized, however,

that such motions are not favored and, generally, should be denied.

> The district court possesses considerable discretion in disposing of a Rule 12(f)
> motion to strike redundant, impertinent, immaterial, or scandalous matter.  However,
> because federal judges have made it clear, in numerous opinions they have rendered
> in many substantive contexts, that Rule 12(f) motions to strike on any of these
> grounds are not favored, often being considered purely cosmetic or "time wasters,"
> there appears to be general judicial agreement, as reflected in the extensive case law
> on the subject, that they should be denied unless the challenged allegations have no
> possible relation or logical connection to the subject matter of the controversy . . . .

5C C. Wright & A. Miller, <u>Federal Practice & Procedure</u> § 1382 (3d. ed. 2004)(footnotes omitted).

<u>See</u> <u>Burget v. Capital W. Sec., Inc.</u>, No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla.

Dec. 8, 2009)(citing <u>Scherer v. U.S. Dep't of Educ.</u>, 78 F. App'x 687, 689 (10th Cir. 2003))("While

motions to strike are generally disfavored, the decision to grant a motion to strike is within the

discretion of the court.").  "Striking a pleading or part of a pleading is a 'drastic remedy and because

a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f)

generally are disfavored.'"  <u>Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.</u>, No.

09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)(quoting <u>Burget v.

Capital W. Sec., Inc.</u>, 2009 WL 4807619, *1).  "Allegations will not be stricken as immaterial under

this rule unless they have no possible bearing on the controversy."  <u>Sai Broken Arrow C, LLC v.

Guardian Emergency Vehicles, Inc.</u>, 2010 WL 132414, at *5 (quoting <u>Bd. of Cnty. Comm'rs of the

Cnty. of La Plata, Colo. v. Brown Grp. Retail, Inc.</u>, Civ. No. 08-CV-00855-LTB, 2009 WL 2514094,

at *2 (D. Colo. Aug. 14, 2009)).  "The Court must be convinced that there are no questions of fact,

that any questions of law are clear and not in dispute, and that under no set of circumstances could

the defenses succeed."  <u>Friends of Santa Fe Cnty. v. LAC Minerals, Inc.</u>, 892 F. Supp. 1333, 1343

(D.N.M. 1995)(Hansen, J.)(quoting <u>Carter-Wallace, Inc. v. Riverton Lab., Inc.</u>, 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted).

Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C C. Wright & A. Miller, <u>supra</u> § 1382 (footnotes omitted). Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." <u>Dubrovin v. The Ball Corp. Consol. Welfare Ben. Plan For Emps.</u>, No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(quoting 2 M. Squiers & J. Moore, <u>Moore's Federal Practice</u> § 12.37[2], at 12-128 (3d ed. 2004)). <u>See</u> <u>Ysais v. N.M. Judicial Std. Comm'n</u>, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009)(Browning, J.)(citing <u>Searcy v. Soc. Sec. Admin.</u>, 956 F.2d 278, at *1, *4 (10th Cir. Mar 2, 1998))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike."). "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" <u>Ysais v. N.M. Judicial Std. Comm'n</u>, 616 F.Supp.2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

## <u>ANALYSIS</u>

The Court will grant the Motion to Compel and also grant in part and deny in part the Motion to Strike. The Court will also order Lewis to respond to this memorandum opinion and order within thirty days. If Lewis does not comply with this memorandum opinion and order, the Court will dismiss his Complaint without prejudice.

I.      **THE COURT WILL COMPEL LEWIS TO PROVIDE THE REQUESTED RELEASES AND VERIFICATION FORM.**

The Defendants request that the Court compel Lewis to provide the releases requested in their discovery, and as D.N.M.LR-Civ. 26.3 requires, and a form verifying his responses to the interrogatories.  See Motion to Compel at 1.  They assert that they have been unable to undertake any discovery, because of Lewis' lack of cooperation, and argue that Lewis appears to have abandoned his case.  See Reply to Motion to Compel at 1-2.  Lewis' attorney represents that he has been unable to contact Lewis.  See Response to Motion to Compel at 1-2.  At the hearing, Mr. Hire conceded that the Court should grant the Motion to Compel and requested thirty days for Lewis to respond to the Court's order.  See FTR at 9:05:20-05:45 (Court, Hire).  He represented that Lewis is unlikely to respond at all and stated that he had no objection to the Court warning that, if Lewis does not respond within thirty days, the Court will dismiss his Complaint without prejudice. See FTR at 9:05:20-06:01 (Court, Hire).

D.N.M.LR-Civ. 26.3 establishes that, in all cases in which the physical or mental medical condition of a party is at issue, the party whose condition is at issue must make a good-faith effort to provide for each healthcare provider disclosed "a signed authorization to release medical records form."  D.N.M.LR-Civ. 26.3(d)(3).  The local rules also provide forms for medical authorizations. See D.N.M. Appx. A, Local Form 1; D.N.M. Appx. A, Local Form 2.  Lewis' attorney admits that Lewis has not provided the requested release forms for the eighteen medical providers identified in the Initial Disclosures.  See Response to Motion to Compel ¶¶ 6-7, at 2.  These releases are necessary for the Defendants to obtain information from Lewis' medical providers about his medical record and about the health care he has received in the past.  See Abreu v. N.M. Children, No. 08-1006, 2010 WL 4053978, at *5 (D.N.M. Sept. 30, 2010)(Browning, J.)(ordering that a plaintiff

provide a medical release regarding his open heart surgery and attendant medical issues). Rule 33 provides that, when a party answers interrogatories, each "interrogatory must, to the extent that it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Lewis' attorney also admits that Lewis has not complied with rule 33 and verified his responses to the interrogatories. See Response to Motion to Compel ¶ 8, at 2. Because Lewis has failed to comply with the Federal Rules of Civil Procedure and local rules, the Court will order that Lewis provide the requested releases and verification form.

Because Lewis has failed to respond to his attorney's attempts to contact him and appears uninterested in prosecuting his lawsuit further, the Court also notes that, if Lewis fails to respond to produce the requested items within thirty days from the entry of this memorandum opinion and order, the Court will dismiss his Complaint, and this action, without prejudice. "If the plaintiff fails to prosecute or to comply with the[] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The dismissal sanction is also considered a measure of last resort, to be made after balancing the strong interest of hearing a case on its merits against the aggravating circumstances that prompted the order to show cause. See Jones v. Thompson, 996 F.2d at 265. Additionally, rule 37 provides that, when a party fails to obey an order to provide or permit discovery, the Court may be justified in "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(v). In Dochterman v. Resource Realizations, 56 F.App'x 455 (10th Cir. 2003)(unpublished), the Tenth Circuit held that where the plaintiffs failed to submit releases so that the defendants could obtain medical records, the magistrate judge was justified in dismissing the case as a sanction. See 56 App'x at 460. The Defendants note that the Complaint was filed on January 26, 2011 and that, nearly a year later, the Defendants have been able to conduct very little discovery. See Reply to Motion to Compel. In Qian v. E. N.M. Univ., No. 06-

-14-

102, 2007 WL 581658 (D.N.M. Jan. 29, 2007)(Browning, J.), the Court dismissed an action when the plaintiff failed to prosecute his case for a year. See 2007 WL 581658, at *2. Lewis' failure to respond to the Defendants' requests for discovery or to his attorney has slowed the efficient judicial administration of the case, and has increased the Defendants' litigation costs. Accordingly, this memorandum opinion and order serves as Lewis' warning that, if he does not comply with the Court's order, the Court will dismiss his case. See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d at 1143-44.

The Court will order that Lewis produce the requested medical, employment, and education releases, as well as the verification form for his answers to the interrogatories, within thirty days from the entry of this memorandum opinion and order. If he does not comply, then the Court will dismiss his case without prejudice.

## II. THE COURT WILL NOT ALLOW LEWIS' EXPERTS TO TESTIFY BECAUSE HE FAILED TO COMPLY WITH RULE 26(a)(2)(B).

The Defendants assert that Lewis failed to produce any witness reports or information regarding his expert witnesses, other than their name and addresses. See Motion to Strike at 1. On September 29, 2011, the Court entered a Scheduling Order. See Doc. 20. Lewis failed to meet the December 23, 2011 deadline for providing his experts' reports pursuant to rule 26(a)(2)(B). See Scheduling Order at 1-2. At the hearing, the Court stated that it was inclined to grant the motion, which appeared unopposed; Mr. Hire did not object and agreed that this was a reasonable solution. See FTR at 09:08:55-09:38 (Court, Hire). Rule 26(a)(2)(B) provides:

> Unless otherwise stipulated or ordered by the court, this disclosure [of expert witnesses] must be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

Fed. R. Civ. P. 26(a)(2)(B). When a party fails to provide information regarding a witness as rule

-15-

26(a) requires, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court has excused failures to meet discovery deadlines where there is "good cause" for the delay, the party has acted in good faith, and allowing the evidence will result in little prejudice to the other party. See Kerns v. Bd. of Comm'rs of Bernalillo Cnty., No. 07-771, 2010 WL 1632732, at *7 (D.N.M. Mar. 31, 2010)(Browning, J.). Here, Lewis has provided no information concerning the opinions of his experts or written reports explaining the substance of their proposed testimony as required under rule 26(a)(2)(B). The deadline for disclosing those reports has now passed. See Scheduling Order at 1-2. As a result of this failure, the Defendants have been unable to ascertain to what each of Lewis' expert witnesses will testify or obtain their own experts to address that testimony. See Motion to Strike at 1-2. Furthermore, absent Lewis' medical records, the Defendants represent that any attempt to depose the identified experts would be futile. See Motion to Strike at 2. Lewis did not oppose the Motion to Strike and filed no responsive briefing. Pursuant to D.N.M.LR-Civ. 7.1 the "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Because the failure to provide expert reports does not appear harmless and because Lewis does not oppose the Motion to Strike, the Court will grant the Motion to Strike in part. While the Court will not strike the expert disclosures, it will prohibit the experts from testifying in this case. If Lewis determines that he wishes to more fully prosecute his lawsuit, the Court may be willing to revisit its decision on this motion.

        **IT IS ORDERED** that: (i) the Defendants' Motion to Compel Release and Verification Form from Plaintiff or, in the Alternative, Motion to Dismiss, filed January 12, 2012 (Doc. 28), is granted; and (ii) the Defendants' Motion to Strike Plaintiff's Expert Disclosures and Motion to

Extend the Deadline for Defendants' Expert Disclosures, filed January 13, 2012 (Doc. 29), is granted in part and denied in part.  The Court orders that Plaintiff David E. Lewis produce the requested medical, employment, and education releases, as well as the verification form for his answers to the interrogatories, within thirty days from the entry of this memorandum opinion and order.  The Court will not strike the expert disclosures, but will prohibit Lewis' experts from testifying in this case.  If Lewis does not comply with this order, the Court will dismiss this action without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Lee L. Coleman
Warren F. Hire, II
Ron Bell Injury Lawyers
Albuquerque, New Mexico

      *Attorneys for the Plaintiffs*

Brenda M. Saiz
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

      *Attorneys for the Defendants*